The opinion of th’e court was delivered by
Gibson, C. J.
I consider this point, as having, in effect, been decided during the last term in Lancaster, wheti it was determined that-an appeal lies only where it is specifically given by the act of assembly; and judgment on the plea of nul fiel record, is not among the enumerated cases. By haying a- motion to set aside the judgment overruled below, a party might squeeze his case into the letter of the act; but he would be met here by a question, whe.ther the mdtion to set aside were the proper remedy.: If it were, a writ of error would be superfluous whenever the court below should be' willing to reverse its own judgment in a summary way; which would, in fact, be to allow' it all the jurisdiction that it could exercise on a writ of error, coram vóbis, which it has been determined does not'lievto an inferior court; and that would deprive the party who had obtained the,judgment, of his constitutional right to have the matter determined in a superior court. The present is no doubt a casus omissus; but the purposes of justice do not require us to violate the letter. In- cases like the present, the writ of error affords a remedy equally beneficial: I admit, that since the act of ■1806, a remedy provided by the legislature must be pursued in exclusion of remedies at the common law, and consequently'that an appeal-wherever it lies, must be pursued iii; exclusion of a writ of error; but it is assuming the very point in dispute, to-affirm that an appeal lies in the particular instance. As, then, the case is not within the terms of the act, and remedy may be had as fully as if it were, we are of opinion this appeal cannot be sustained; and it would- therefore be extra-judicial to express an opinion on the question intended to have- been submitted.
Appeal quashecL